IN THE CIRCUIT COURT OF THE NINTH JUDICAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

PETER CRUZ
    Plaintiff,

v.                                                           CASE NO.

BOTTLING GROUP LLC,
d/b/a/ PEPSICO
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## STATEMENT OF THE CLAIM

The Plaintiff complains herein regarding unlawful act(s) of discrimination in violation of Chapter 760 of the Florida Statutes. The Plaintiff is seeking compensatory damages in this matter in excess of One Hundred Thousand dollars, as well as all other relief that the law permits and this honorable Court deems appropriate. The Plaintiff alleges herein that he was subjected to disparate treatment because of his disability.

## PARTIES

1. The Plaintiff in this matter Peter Cruz, is a resident of Osceola County, Florida. At all times, relevant to this complaint, the Plaintiff was employed by the Defendant at its location in Orange County, Florida.

2. The Defendant in this matter Bottling Group LLC, operated a business in Orange County, Florida, where it employed the Plaintiff and the matters complained about herein occurred.

1

## JURISDICTION

3. The court's jurisdiction in this matter is predicated upon Article V of the Florida Constitution and upon Chapter 47 of the Florida Statutes. The court also has jurisdiction in this matter based upon Chapter 760 of the Florida Statutes.

## VENUE

4. Venue is proper in Orange County, Florida because all of the matters complained about herein occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. The Plaintiff is a person who suffers from a medical disability which affects more than one major life function.

6. The Plaintiff was terminated on March 20, 2019, ostensibly, for violating the Defendant's policy which prohibits violence in the workplace.

7. The charge of violating the Defendant's policy stem from an event that occurred shortly after the Plaintiff returned to work from an extended medical leave. A co-worker, German Salgado, confronted him about matters that related to how he was performing his job. They then became involved in a heated non-physical altercation. At no point during the altercation did the Plaintiff strike, attempt to strike or threatened to otherwise harm Salgado. The matter was strictly verbal.

8. German Salgado did not get terminated. He does not have any known disabilities.

9. The Plaintiff was employed with the Defendant for twelve years as a driver. During the time of his employment he performed his duties in an acceptable manner and he had no disciplinary issues. The Defendant's attitude toward the Plaintiff seemed to sour after he was required to take an extended medical leave to address a very serious health condition.

10. Prior to the Plaintiff's termination he was required to take an extended medical leave to address some of his ongoing medical issues. During that time, he was on short-term disability.

11. After the Plaintiff was terminated he applied for unemployment compensation. The Defendant contested the Plaintiff's claim. Resultantly, a hearing was held and the Plaintiff prevailed at the hearing. He was awarded unemployment compensation.

12. At least one other employee, German Salgado, who do not have a disability have committed similar or more egregious violations of the Defendant's policies but they were not terminated.

## DISPARATE TREATMENT BASED UPON DISABILITY IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

13. The Plaintiff incorporates by reference, as though fully stated herein, the allegations contained in paragraphs 1-12.

14. The Plaintiff is a protected class; he is a qualified person with a disability.

15. At all times, he was able to perform the essential functions of his job duties with or without an accommodation.

16. The Plaintiff suffered an adverse employment action, to wit, he was terminated for allegedly violating the Defendant's policy regarding violence in the workplace. The Plaintiff did not violate the Defendant's Policy.

17. The Defendant took the action that it did, it terminated the Plaintiff because he is a qualified person with a disability. Prior to taking an extended leave of absence for medical reasons the Plaintiff successfully worked for the Defendant for 12 years. He was a valued and productive employee. However, after he returned from an extended medical leave, the Plaintiff discovered that the Defendant did not actually want him to return.

18. Through the several years that the Plaintiff worked for the Defendant other non-disabled employees have engaged in verbal altercations with each other. Their disagreements were handled with a lesser form of discipline or no discipline at all.

## DAMAGES

The Plaintiff is seeking all the relief available to him by law. Specifically, he is seeking to be reinstated with back pay as well an award of all accrued benefits since the time of his termination. In the alternative, the Plaintiff is seeking front pay for a period of no less than five years and compensation for emotional pain and suffering, of a garden variety type, for the being subjected to unlawful discrimination based upon disability. The Plaintiff is also seeking reasonable attorney fees and cost related to commencing this lawsuit.

/s/ Jerry Girley
Jerry Girley, Esquire
Florida Bar No: 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com